**EXHIBIT A**

HEATHER DAVIS, SBN 239372
heather@protectionlawgroup.com
AMIR NAYEBDADASH, SBN 232204
amir@protectionlawgroup.com
**PROTECTION LAW GROUP, LLP**
136 Main Street, Suite A
El Segundo, California 90245
Telephone: (424) 290-3095
Facsimile: (866) 264-7880

*Attorneys for* Plaintiff
ALEXANDER VALLEJO

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/05/2020** at 11:58:09 AM
Clerk of the Superior Court
By Gen Dieu,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| ALEXANDER VALLEJO, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.:   37-2020-00027438-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR TRIAL BY JURY** <br><br> (1) **VIOLATION OF CALIFORNIA LABOR CODE §§ 510 AND 1198 (UNPAID OVERTIME)** <br> (2) **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512(a) (UNPAID MEAL PERIOD PREMIUMS)** <br> (3) **VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (UNPAID REST PERIOD PREMIUMS)** <br> (4) **VIOLATION OF CALIFORNIA LABOR CODE §§ 1194, 1197 AND 1197.1 (UNPAID MINIMUM WAGES)** <br> (5) **VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203 (FINAL WAGES NOT TIMELY PAID)** <br> (6) **VIOLATION OF CALIFORNIA LABOR CODE § 226(a) (FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)** <br> (7) **VIOLATION OF CALIFORNIA LABOR CODE §§ 2800 AND 2802** |

**EXHIBIT A**

1

**(FAILURE TO REIMBURSE EXPENSES)**
(8) **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Plaintiff ALEXANDER VALLEJO ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action against Defendants STERIGENICS U.S., LLC and DOES 1 THROUGH 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate wage statements, and failure to reimburse necessary business-related expenses.

2.      Plaintiff's First through Eighth Causes of Action are brought as a class action on behalf of himself and similarly situated current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members", as defined more fully in paragraph 12, below) pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

3.      The Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

5.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, County of San

1  Diego.

2                                    **PARTIES**

3          6.      Plaintiff ALEXANDER VALLEJO is an individual residing in the County of San

4  Diego, State of California.

5          7.      Defendant STERIGENICS U.S., LLC, is and at all times herein mentioned was, a

6  limited liability company organized and existing under the laws of the State of Delaware and

7  registered to do business in the state of California.

8          8.      Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive,

9  and therefore sues these defendants by such fictitious names.   The Doe defendants may be

   individuals, partnerships, or corporations.  Plaintiff is informed and believes, and thereon alleges,

10  that, at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent,

11  servant, employee, co-venturer, and/or co-conspirator of each of the other defendants, and was at

12  all times mentioned acting within the scope, purpose, consent, knowledge, ratification and

13  authorization of such agency, employment, joint venture and conspiracy.  Plaintiff will amend

14  this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed

15  and believes and thereon alleges that each of the fictitiously named Doe defendants is responsible

16  in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged

17  were proximately caused by its conduct.   STERIGENICS U.S., LLC and Doe Defendants 1

18  through 50 are collectively referred to herein as "Defendants."

19          9.      Defendants are and at all times herein mentioned were, (a) conducting business in

20  the County of San Diego State of California, and (b) the employer of Plaintiff consistent with the

21  California Labor Code and Industrial Welfare Commission Wage Orders ("Wage Orders").

22          10.     Plaintiff further alleges that Defendants, directly or indirectly controlled or

23  affected the working conditions, wages, working hours, and conditions of employment of Plaintiff

24  and the Class so as to make each of said Defendants employers and employers jointly liable under

25  the statutory provisions set forth herein.

26                          **CLASS ACTION ALLEGATIONS**

27          11.     Plaintiff brings the First through Eighth Causes of Action as class action on his

28

EXHIBIT A

own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

12.    The proposed class is defined as follows: All current and former non-exempt employees of any of the Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified class action is provided to the class (hereinafter referred to as the "Class" or "Class Members.")

13.    Plaintiff reserves the right to establish other subclasses as appropriate.

14.    The Class is ascertainable and there is a well-defined community of interest in the litigation:

    a.   Numerosity: The Class Members are so numerous that joinder of all Class Members is impracticable. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be over fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.   Typicality: Plaintiff's claims are typical of all other Class Members demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other Class Members with whom he has a well-defined community of interest.

    c.   Adequacy: Plaintiff will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class

1    Members is impractical.

2    e.  Public Policy Considerations: Certification of this lawsuit as a class action will

3        advance public policy objectives.   Employers of this great state violate

4        employment and labor laws every day.   Current employees are often afraid to

5        assert their rights out of fear of direct or indirect retaliation.   However, class

6        actions provide the Class Members who are not named in the complaint

7        anonymity that allows for the vindication of their rights.

     15.     There are common questions of law and fact as to the Class that predominate over
8
questions affecting only individual members.  The following common questions of law or fact,
9
among others, exist as to the members of the Class:
10
11   a.  Whether Defendants' failure to pay wages, without abatement, or reduction, in
         accordance with the California Labor Code was willful;
12
13   b.  Whether Defendants had a corporate policy and practice of failing to pay Plaintiff
         and the other Class Members for all hours worked, and missed, short, late or
14
         interrupted meal periods and rest breaks in violation of California law;
15
16   c.  Whether Defendants required Plaintiff and the other Class Members to work more
         than eight (8) hours per day and/or more than forty (40) hours per week and failed
17
         to pay the legally required overtime compensation to Plaintiff and the other Class
18
         Members;
19
20   d.  Whether Defendants deprived Plaintiff and the other Class Members of meal
         and/or rest periods or required Plaintiff and the other Class Members to work
21
         during meal and/or rest periods without compensation;
22
23   e.  Whether Defendants failed to pay meal period premium wages to Class Members
         when they were not provided with a legally compliant meal period;
24
25   f.  Whether Defendants failed to pay rest period premium wages to Class Members
         when they were not authorized and permitted to take legally compliant rest
26
         periods;
27
     g.  Whether Defendants failed to pay minimum wages to Plaintiff and the other Class
28

CLASS ACTION COMPLAINT - Page 6

EXHIBIT A

Members for all hours worked;

h.  Whether Defendants failed to pay Plaintiff and the other Class Members the required minimum wage pursuant to California law;

i.  Whether Defendants failed to pay Plaintiff and the other Class Members proper overtime compensation pursuant to California law;

j.  Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the time required upon their discharge or resignation from employment;

k.  Whether Defendants failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs in violation of California Labor Code section 2802;

l.  Whether Defendants complied with wage reporting as required by the California Labor Code, including section 226;

m.  Whether Defendants' conduct was with malice, fraud or oppression;

n.  Whether Defendants' conduct was willful or reckless;

o.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.* based on their improper withholding of compensation and deduction of wages;

p.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

q.  Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

16.  Defendants are a hazardous waste service industry providing sterilization solutions.

17.  Defendants employed Plaintiff from approximately January 2013 to January 2018. Plaintiff's last position while employed by Defendants was Machine Operator.

18.  At all relevant times set forth herein, Defendants employed Plaintiff and the Class

as hourly-paid or non-exempt employees.

19.     Throughout the time period involved in this case, Defendants had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class.

20.     At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

21.     Plaintiff is informed and believes, and thereon alleges that Defendants engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. As set forth in more detail below, this scheme involved, *inter alia*, regularly requiring Plaintiff and the Class to work off the clock without compensation, thereby failing to pay them for all hours worked, including minimum and overtime wages. Defendants also implemented time rounding practices that resulted in the systematic underpayment of wages to Plaintiff and the Class, including minimum and overtime wages. In addition, Defendants routinely failed to permit Plaintiff and the Class to take timely and duty-free meal periods and rest periods in violation of California law. Defendants also failed to reimburse Plaintiff and the Class for all necessary business-related expenses.

22.     Throughout the time period involved in this case, Defendants have implemented policies and practices which failed to provide Plaintiff and the Class with timely and duty-free meal periods. Defendants routinely failed to relieve Plaintiff and the Class of all duties during their meal periods, regularly failed to relinquish control over Plaintiff and the Class during their meal periods, regularly failed to permit Plaintiff and the Class a reasonable opportunity to take their meal periods, and regularly impeded or discouraged Plaintiff and the Class from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work and/or from taking a second thirty (30) minute uninterrupted meal break no later than their tenth hour of work for shifts lasting more than ten (10) hours. Defendants also failed to maintain accurate records of meal periods taken by Plaintiff and the Class.

23.     Throughout the time period involved in this case, Defendants did not adequately

inform Plaintiff and the Class of their right to take meal periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of meal periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way the prohibited them from taking timely and duty-free meal periods, and to require Plaintiff and the Class to work through their meal periods, for which they were not compensated.

24.     Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for meal periods that were missed, late, interrupted, or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed, short, late, and/or interrupted. Notwithstanding this knowledge, Defendants routinely failed to provide legally compliant meal periods to Plaintiff and the Class, and routinely failed pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a meal period was missed, short, late, and/or interrupted.

25.     Throughout the time period involved in this case, Defendants have implemented policies and practices which prohibited Plaintiff and the Class from taking timely and duty-free rest periods. Defendants regularly failed to provide, authorize, and permit Plaintiff and the Class to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

26.     Throughout the time period involved in this case, Defendants did not adequately inform Plaintiff and the Class of their right to take rest periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of rest periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way that regularly prohibited them from taking timely and duty free rest periods, and to regularly require Plaintiff and the Class to work through their rest periods.

EXHIBIT A

27.    Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for rest periods that were missed, late, interrupted, or shortened in violation of California law.  Defendants knew or should have known that Plaintiff and the Class were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed, short, late, and/or interrupted.  Notwithstanding this knowledge, Defendants routinely failed to authorize and permit Plaintiff and the Class to take duty-free rest periods, and failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a rest period was missed, short, late and/or interrupted.

28.    Throughout the time period involved in this case, Defendants regularly required Plaintiff and the Class to perform work off-the-clock.  Although Defendants prohibited overtime, Defendants still regularly required that Plaintiff and the Class complete all of their assigned duties. To do so, Plaintiff and the Class were regularly required to perform work off-the-clock for which they were not compensated.

29.    Throughout the time period involved in this case, Defendants employed a time rounding policy that was not neutral and designed to consistently round time in Defendants' favor, ensuring that Plaintiff and the Class were often times not paid for all time worked.

30.    Throughout the time period involved in this case, Plaintiff and the Class worked more than eight (8) hours in a day, and/or forty (40) hours in a week.

31.    Throughout the time period involved in this case, Defendants regularly failed to pay all overtime compensation owed to Plaintiff and the Class when they worked in excess of eight (8) hours in a single work day and/or forty (40) hours in a single work week.  Defendants knew or should have known that Plaintiff and the Class were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

32.    Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class for all overtime hours worked based on regular rates of pay correctly calculated to include all applicable renumeration.

33.    Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class at least minimum wages for all hours worked.  Defendants knew or

EXHIBIT A

should have known that Plaintiff and the Class were entitled to receive at least minimum wages for all hours worked and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, failing to pay Plaintiff and the Class at the required minimum wage pursuant to California law, requiring Plaintiff and the Class to perform work off the clock, and implementing time rounding policies that resulted in the systematic underpayment of wages to Plaintiff and the Class.

34.     Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages owed to them upon discharge or resignation. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them upon termination within the time permissible under California Labor Code section 202. Plaintiff and the Class did not receive payment of all final wages owed to them upon discharge or resignation, including overtime compensation and minimum wages within any time permissible under California Labor Code section 202.

35.     Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages within any time permissible under California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them during their employment. Plaintiff and the Class did not receive payment of all wages, including overtime compensation, minimum wages, and meal and rest period premiums.

36.     Throughout the time period involved in this case, Defendants regularly failed to provide complete or accurate wage statements to Plaintiff and the Class. Defendants knew or should have known that Plaintiff and the Class were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked, the actual gross wages earned, and the correct rates of pay.

37.     Throughout the time period involved in this case, Defendants regularly failed to keep complete or accurate payroll records for Plaintiff and the Class. Defendants knew or should

EXHIBIT A

have known that Defendants were required keep complete and accurate payroll records for Plaintiff and the Class in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

38.    Throughout the time period involved in this Case, Defendants failed to reimburse Plaintiff and the Class for all necessary business-related expenses, including but not limited to the using of their personal cell phones and vehicles for work-related duties.  Defendants knew or should have known that Defendants were required to reimburse Plaintiff and the Class for all necessary business-related expenses and costs, but, in fact, failed to do so in violation of California law.

39.    Throughout the time period involved in this case, Defendants knew or should have known that they had a duty to compensate Plaintiff and the Class pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the Class that they paid all wages owed to them, all in order to increase Defendants' profits.

40.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against All Defendants)

41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

42.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

43.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other Class Members employed by Defendants, and working

EXHIBIT A

1  more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of

2  time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty

3  (40) hours in a workweek.

4        44.      The applicable IWC Wage Order further provides that Defendants are and were

5  required to pay Plaintiff and the Class overtime compensation at a rate of two times their regular

6  rate of pay for all hours worked in excess of twelve (12) hours in a day and for all hours worked

7  in excess of eight (8) hours on the seventh day of work in a workweek.

8        45.      California Labor Code section 510 codifies the right to overtime compensation at

9  one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a

10 day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of

11 work, and no overtime compensation at twice the regular hourly rate for hours worked in excess

   of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

12       46.      During the relevant time period, Plaintiff and the other Class Members regularly

13 worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

14       47.      During the relevant time period, Defendants intentionally and willfully failed to

15 pay overtime wages owed to Plaintiff and the other Class Members.

16       48.      Defendants' failure to pay Plaintiff and the other Class Members the unpaid

17 balance of overtime compensation, as required by California laws, violates the provisions of

18 California Labor Code sections 510 and 1198, and is therefore unlawful.

19       49.      Pursuant to California Labor Code section 1194, Plaintiff and the other Class

20 Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

21 attorneys' fees.

22                         **SECOND CAUSE OF ACTION**

23             **(Violation of California Labor Code §§ 226.7 and 512(a))**

24                          **(Against All Defendants)**

25       50.      Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

26 every allegation set forth above.

27       51.      At all relevant times, the relevant IWC Order and California Labor Code sections

28

EXHIBIT A

226.7 and 512(a) were applicable to Plaintiff and the other Class Members' employment by Defendants.

52.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

53.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

54.    At all relevant times, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

55.    During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

56.    During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time in excess of ten (10) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

57.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other Class Members to miss their meal periods and to take meal periods that were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class

EXHIBIT A

Members the full meal period premium for missed, shortened, late, or interrupted meal periods.

58.     During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full meal period premiums due pursuant to California Labor Code section 226.7.

59.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

60.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against All Defendants)

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

62.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff and the other Class Members' employment by Defendants.

63.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

64.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3.5) hours."

65.     During the relevant time period, Defendants required Plaintiff and other Class

Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

66.    During the relevant time period, Defendants willfully required Plaintiff and the other Class Members to work during rest periods, failed to allow Plaintiff and the other Class Member to take any rest period and/or failed to authorize and permit Plaintiff and the other Class Members to take uninterrupted, duty-free rest breaks.

67.    During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due pursuant to California Labor Code section 226.7 for work performed during rest periods, and/or for failure to authorize and permit Plaintiff and other Class Members from taking uninterrupted rest periods.

68.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

69.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against All Defendants)

70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees and the payment of a lesser wage than the minimum so fixed is unlawful.

72.    During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other Class Members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1.

73.    Defendants' failure to pay Plaintiff and the other Class Members the minimum

wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

74.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201, 202, 203)

### (Against All Defendants)

75.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

76.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.    During the relevant time period, the employment of Plaintiff and many other Class Members with Defendants ended, *i.e.* was terminated by quitting or discharge.  Defendants intentionally and willfully failed to pay Plaintiff and other Class Members who are no longer employed by Defendants all of their wages, earned and unpaid, including but not limited to minimum wages, straight time wages, and overtime wages, within seventy-two (72) hours of their leaving Defendants' employ.

78.    Defendants' failure to pay Plaintiff and other Class Members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

79.    California Labor Code section 203 provides that if an employer willfully fails to

EXHIBIT A

1  pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

2  continue as a penalty from the due date thereof at the same rate until paid or until an action is

3  commenced; but the wages shall not continue for more than thirty (30) days.

4        80.     Plaintiff and other Class Members who are no longer employed by Defendants are

5  entitled to recover from Defendants the statutory penalty wages for each day they were not paid,

6  up to a thirty (30) day maximum pursuant to California Labor Code section 203.

7  ### SIXTH CAUSE OF ACTION

8  ### (Violation of California Labor Code § 226(a))

9  ### (Against All Defendants)

10        81.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

11  every allegation set forth above.

12        82.     At all material times set forth herein, California Labor Code section 226(a)

13  provides that every employer shall furnish each of his or her employees an accurate itemized

14  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3)

15  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a

16  piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the

17  employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates

18  of the period for which the employee is paid, (7) the name of the employee and his or her social

19  security number, (8) the name and address of the legal entity that is the employer, and (9) all

20  applicable hourly rates in effect during the pay period and the corresponding number of hours

21  worked at each hourly rate by the employee.  The deductions made from payments of wages shall

22  be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and

23  a copy of the statement or a record of the deductions shall be kept on file by the employer for at

24  least three years at the place of employment or at a central location within the State of California.

25        83.     Defendants have intentionally and willfully failed to provide Plaintiff and the

26  Class with complete and accurate wage statements.  The deficiencies include, but are not limited

27  to, the failure list the total number of hours worked, the actual gross wages earned, and the correct

28  rates of pay.

EXHIBIT A

84.    Because of Defendants' violation of California Labor Code section 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

85.    More specifically, Plaintiff and the Class have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

86.    Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

87.    Plaintiff and the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against All Defendants)

88.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

89.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

90.    Plaintiff and the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. Defendants' failure to reimburse for all necessary business-related expenses and costs including their failure to reimburse Plaintiff and the Class for costs incurred as a result of, including not limited, simple negligence.

91.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the Class for all necessary business-related expenses and costs. Plaintiff and the Class are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred

EXHIBIT A

EXHIBIT A

the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code §§ 17200, et seq.)

### (Against All Defendants)

92.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

93.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the Class, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

94.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

95.     A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the Class violate California Labor Code sections 201, 202, and 203.

96.     Defendants also violated California Labor Code sections, 221, 226(a), 1194, 1197, 1197.1, 510, 2800, and 2802.

97.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

98.     Plaintiff and the Class have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of

EXHIBIT A

1    money and/or property.

2        99.        Pursuant to California Business & Professions Code sections 17200, *et seq.*,

3    Plaintiff and the Class are entitled to restitution of the wages withheld and retained by Defendants

4    during a period that commences four years prior to the filing of this Complaint; an award of

5    attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable

6    laws; and an award of costs.

7                                    **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff, individually and on behalf of all other members of the general

9    public similarly situated, prays for relief and judgment against Defendants, jointly and severally,

10   as follows:

11                                    **Class Certification**

12   1.        That this action be certified as a class action;

13   2.        That Plaintiff be appointed as the representative of the Class;

14   3.        That counsel for Plaintiff be appointed as Class Counsel; and

15   4.        That Defendants provide to Class Counsel immediately the names and most

16   current/last known contact information (address, e-mail and telephone numbers) of all class

17   members.

18                              **As to the First Cause of Action**

19   5.        That the Court declare, adjudge and decree that Defendants violated California

20   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

21   all overtime wages due to Plaintiff and other Class Members;

22   6.        For general unpaid wages at overtime wage rates and such general and special

23   damages as may be appropriate;

24   7.        For pre-judgment interest on any unpaid overtime compensation commencing

25   from the date such amounts were due; and

26   8.        For reasonable attorneys' fees and costs of suit incurred herein pursuant to

27   California Labor Code section 1194;

28   9.        For such other and further relief as the Court may deem just and proper.

EXHIBIT A

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the Class;

11. That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(b);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the Class;

18. That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

EXHIBIT A

1

**As to the Fourth Cause of Action**

2     23.     That the Court declare, adjudge and decree that Defendants violated California

3  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

4  Plaintiff and the Class;

5     24.     For general unpaid wages and such general and special damages as may be

6  appropriate;

7     25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for

8  Plaintiff and the Class in the amount as may be established according to proof at trial;

9     26.     For pre-judgment interest on any unpaid compensation from the date such amounts

10  were due;

11     27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

12  California Labor Code section 1194(a);

13     28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

14     29.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

15     30.     That the Court declare, adjudge and decree that Defendants violated California

16  Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

17  time of termination of the employment of Plaintiff and other Class Members no longer employed

18  by Defendants;

19     31.     For all actual, consequential, and incidental losses and damages, according to

20  proof;

21     32.     For statutory wage penalties pursuant to California Labor Code section 203 for

22  Plaintiff and other Class Members who have left Defendants' employ;

23     33.     For pre-judgment interest on any unpaid compensation from the date such amounts

24  were due; and

25     34.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

26

27     35.     That the Court declare, adjudge and decree that Defendants violated the record

28

keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the Class, and willfully failed to provide accurate itemized wage statements thereto;

36.     For actual, consequential and incidental losses and damages, according to proof;

37.     For statutory penalties pursuant to California Labor Code section 226(e); and

38.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

39.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the Class for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For the imposition of civil penalties and/or statutory penalties;

42.     For reasonable attorneys' fees and costs of suit incurred herein; and

43.     For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the Class all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the Class, failing to pay at least minimum wages to Plaintiff and the Class, failing to pay Plaintiff's and other Class Members' wages timely as required by California Labor Code section 201, and 202 and by violating California Labor Code sections 226(a), 2800, and 2082;

45.     For restitution of unpaid wages to Plaintiff and the Class and all pre-judgment interest from the day such amounts were due and payable;

46.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

47.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

48.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

49.    For such other and further relief as the Court may deem just and proper.

Dated: August 4, 2020                     **PROTECTION LAW GROUP**

                                   By: _____

                                   Heather Davis
                                   Amir Nayebdadash

                                   *Attorneys for* Plaintiff
                                   ALEXANDER VALLEJO

**EXHIBIT A**

## DEMAND FOR TRIAL BY JURY

Plaintiff ALEXANDER VALLEJO demands a trial by jury as to all causes of action triable by a jury.

Dated: August 4, 2020                    **PROTECTION LAW GROUP**

By: _____
Heather Davis
Amir Nayebdadash

*Attorneys for* Plaintiff
ALEXANDER VALLEJO

CLASS ACTION COMPLAINT - Page 26

**EXHIBIT A**

**EXHIBIT B**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEXANDER VALLEJO, individually and on behalf of others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/05/2020** at 11:56:09 AM
Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego Superior Court | CASE NUMBER: *(Número del Caso):* 37-2020-00027438-CU-OE-CTL |
| --- | --- |

Hall of Justice Center
330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Protection Law Group, LLP, Heather Davis 136 Main St., Suite A, El Segundo, CA 90245 (424) 290-3095

| DATE: 08/05/2020 *(Fecha)* | Clerk, by *(Secretario)* G. Dieu | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Sterigenics U.S., LLC, a Delaware limited liability Company
  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 8/12/2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT B**


**EXHIBIT C**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PROTECTION LAW GROUP, LLP<br>Heather Davis, SBN 239372; Amir Nayebdadash, SBN 232204<br>136 Main Street, Suite A<br>El Segundo, California 90245<br>TELEPHONE NO.: 424-290-3095    FAX NO.: 866-264-7880<br>ATTORNEY FOR *(Name):* Plaintiff ALEXANDER VALLEJO | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/05/2020** at 11:56:09 AM<br>Clerk of the Superior Court<br>By Gen Dieu,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Center

CASE NAME:
Vallejo v. Sterigenics U.S., LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2020-00027438-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Ronald F. Frazier<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [✓] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 4, 2020
Heather Davis, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**EXHIBIT C**

EXHIBIT C

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT C

**EXHIBIT D**

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:      330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:          Central
TELEPHONE NUMBER: (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):    Alexander Vallejo

DEFENDANT(S) / RESPONDENT(S): Sterigenics US LLC

VALLEJO VS STERIGENICS US LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2020-00027438-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Ronald F. Frazier                                    Department: C-65

## COMPLAINT/PETITION FILED: 08/05/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/30/2021 | 11:15 am | C-65 | Ronald F. Frazier |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 01-17)

**NOTICE OF CASE ASSIGNMENT**

Page: 1



**EXHIBIT D**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00027438-CU-OE-CTL    CASE TITLE: Vallejo vs Sterigenics US LLC [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**EXHIBIT E**



**EXHIBIT E**

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*



**EXHIBIT E**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:        330 West Broadway

MAILING ADDRESS:     330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:           Central

PLAINTIFF(S):    Alexander Vallejo

DEFENDANT(S): Sterigenics US LLC

SHORT TITLE:     VALLEJO VS STERIGENICS US LLC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2020-00027438-CU-OE-CTL |
|---|---|

Judge: Ronald F. Frazier                                                    Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                       ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                              Date: _____

_____                      _____
Name of Plaintiff                                              Name of Defendant

_____                      _____
Signature                                                       Signature

_____                      _____
Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____                      _____
Signature                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  08/05/2020                                          _____
                                                               JUDGE OF THE SUPERIOR COURT



**EXHIBIT F**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/05/2020** at 05:39:00 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

1  HEATHER DAVIS, SBN 239372
   heather@protectionlawgroup.com
2  AMIR NAYEBDADASH, SBN 232204
   amir@protectionlawgroup.com
3  **PROTECTION LAW GROUP, LLP**
   136 Main Street, Suite A
4  El Segundo, California 90245
   Telephone: (424) 290-3095
5  Facsimile: (866) 264-7880

6
   *Attorneys for* Plaintiff
7  ALEXANDER VALLEJO

8
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                              **COUNTY OF SAN DIEGO**
10

11
   ALEXANDER VALLEJO, individually and          Case No.:  **37-2020-00027438-CU-OE-CTL**
12 on behalf of others similarly situated,
                                                *Judge: Ronald F. Frazier*
13                    Plaintiff,                *Department: C-65*

14            vs.
                                                **PLAINTIFF ALEXANDER VALLEJO'S**
15 STERIGENICS U.S., LLC, a Delaware            **NOTICE OF POSTING OF JURY FEES**
   limited liability company; and DOES 1
16 through 50, inclusive,

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

                    PLAINTIFF ALEXANDER VALLEJO'S NOTICE OF POSTING JURY FEES

**EXHIBIT F**

1 | **TO ABOVE-ENTITLED COURT, THE CLERK THEREOF, AND TO ALL PARTIES**
2 | **AND THEIR COUNSEL OF RECORD:**

3 |     **NOTICE IS HEREBY GIVEN** that Plaintiff Alexander Vallejo, individually and on
4 | behalf of others similarly situated, hereby deposits jury fees in the above-captioned case in the
5 | amount of One Hundred Fifty Dollars ($150.00) pursuant to Code of Civil Procedure Section
6 | 631(b).

7 |

8 |

9 | Dated: August 4, 2020                                   **PROTECTION LAW GROUP**

10 |

11 |                                   By: _____

12 |                                       Heather Davis
13 |                                     Amir Nayebdadash
                                    *Attorneys for* Plaintiff
                                    ALEXANDER VALLEJO

14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |