UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER VALLEJO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-01788-AJB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND CLASS ALLEGATIONS; AND**<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>**(Doc. No. 19)** |

Presently pending before the Court is Defendant Sterigenics U.S., LLC's ("Defendant") motion to dismiss the First Amended Complaint ("FAC") and/or class allegations and/or motion to strike the class allegations. (Doc. No. 19.) The motion is fully briefed, (Doc. Nos. 23 & 24), and the matter is suitable for determination on the papers. For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiff's FAC and class allegations and **DENIES** the motion to strike Plaintiff's class allegations.

///

# I. BACKGROUND

Plaintiff brings this class action for alleged violations of wage abuse under California's Labor Codes and Business and Professions Code. (FAC ¶ 20.) Between January 2013 and January 2018, Plaintiff was employed by Defendant as an hourly-paid non-exempt Machine Operator. (*Id.* ¶ 16.) During this time, Defendant allegedly "had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class." (*Id.* ¶ 18.) Plaintiff asserts Defendant "engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees." (*Id.* ¶ 20.) For example, Plaintiff states Defendant regularly required Plaintiff and the purported class to work off the clock without compensation, rounded employee time in a manner that was not neutral which advantaged Defendants, and failed to adequately inform Plaintiff and the purported class of their right to take meal and rest periods. (*Id.*)

Plaintiff filed the Complaint on August 5, 2020, in the Superior Court of California, County of San Diego, as Case No. 37-2020-00027438-CU-OE-CTL. (Doc No. 1 at 2.) On September 11, 2020, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446. (*Id.*) On September 18, 2020, Defendant filed a motion to dismiss Plaintiff's complaint and motion to strike portions of the complaint (Doc. No. 4), which was granted with leave to amend (Doc. No. 16). Plaintiff filed the FAC on July 14, 2021. (Doc. No. 18.) Defendant then filed the instant motion. (Doc. No. 19.) Plaintiff filed a response in opposition, to which Defendant replied. (Doc. Nos. 23 & 24.)

# II. LEGAL STANDARD

## A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable

legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

### B.     Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic. *See California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *In re Wal–Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *Id.*

Moreover, "[d]ismissal of a class at the pleading stage is rare because 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Mirkarimi v. Nevada Prop.1, LLC*, Case No. 12-cv-2160-BTM-DHB, 2013 WL 3761530, at *4 (S.D. Cal. July 15, 2013) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Thus, "[a]lthough it is not per se improper for a defendant to move to strike class allegations before the motion for class certification, most courts decline to grant such motions because the shape and form of a class action evolves only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, Case No. 3:12-cv-4672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (internal citation and quotations omitted).

### III.   DISCUSSION

Defendant moves to dismiss and/or strike the class allegations from the FAC, and/or dismiss each of Plaintiff's claims. The Court will address the merits of each of Defendant's requests in turn.

#### A.   Motion to Strike and/or Dismiss Plaintiff's Class Allegations

As an initial matter, Defendant requests the Court to dismiss and/or strike Plaintiff's class allegations. (Doc. No. 19 at 20.) Defendant contends that Plaintiff's alleged facts fail to demonstrate or suggest that any member of the putative class had similar work experiences to him and fails to allege the location and type of facility where he worked, the department where he worked, his job duties, his supervisors, or work schedule. (*Id.* at 22.) In essence, Defendant asserts that Plaintiff's class allegations pertaining to commonality and typicality under Rule 23 do not meet the pleading standard for Rule 8 purposes. Plaintiff counters that both 12(b)(6) and 12(f) motions are an improper vehicle for dismissing or striking class claims, and that Defendant has failed to explain what about the class allegations are "redundant, immaterial, or impertinent and scandalous matter" as required under Rule 12(f). (Doc. No. 23 at 17–20.)

The Court finds Plaintiff's position persuasive. First, several courts within this Circuit have held that Rule 12(b)(6) is an improper vehicle for dismissing class claims and

should rather be addressed through Rule 23. *See Meyer v. National Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1103–04 (N.D. Cal. 2014). Moreover, while class allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis, "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). Additionally, although there is some inconsistency within this Circuit, the Court agrees that "a class action is a procedural device, not a claim for relief." *Compare Morrelli v. Corizon Health, Inc.*, 1:18-cv-1395-LJO-SAB, 2019 WL 918210 (E.D. Cal. Feb. 25, 2019), at *12 (finding it inappropriate to either dismiss class allegations under Rule 12(b)(6) or strike them under Rule 12(f)), *and Meyer*, 10 F. Supp. 3d at 1103–04 (denying Defendant's motion to dismiss and/or strike class action allegations because such arguments are better appropriately addressed through Rule 23), *with Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) (holding that the *Iqbal/Twombly* standard applies to class claims while reviewing motions to dismiss class action complaints).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to strike Plaintiff's class allegations. However, because Plaintiff's FAC fails to state a claim upon which relief can be granted, as discussed below, Plaintiff's class allegations necessarily fail. Thus, the Court **GRANTS WITHOUT PREJUDICE** Defendant's motion to dismiss Plaintiff's class allegations.

**B.    Plaintiff's First Cause of Action for Unpaid Overtime**

The Court starts with Plaintiff's claim for unpaid overtime. Plaintiff asserts that Defendant intentionally and willfully failed to pay Plaintiff and other purported class members overtime wages, in violation of California Labor Code §§ 510 and 1198. (FAC ¶¶ 33–34.) Specifically, Plaintiff states Defendant was required to pay Plaintiff and the purported class members at the rate of time-and-one-half for overtime compensation for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. (*Id.* ¶ 26.) Moreover, Defendant was required to pay Plaintiff and the purported

class members at a rate of two times their regular pay rate for all hours worked in excess of twelve (12) hours in a day and for all hours worked in excess of eight (8) hours on the seventh day of work in a workweek. (*Id.* ¶ 27.) Plaintiff contends he worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week in one or both of each workweek between January 9, 2017 and December 24, 2017. (*Id.* ¶ 30.) During this time, Defendant allegedly failed to pay him for all hours of work by (1) requiring him to answer phone calls from supervisors after his shifts, approximately two times per week, for two to ten minutes per call; (2) requiring that Plaintiff sign paperwork after clocking out for his shift; (3) interrupting Plaintiff's meal periods with work tasks; (4) deducting 30 minutes from Plaintiff's work time despite Plaintiff's inability to take a full 30-minute meal period; and (5) rounding Plaintiff's work time in a non-neutral fashion which failed to compensate Plaintiff for all hours worked. (*Id.* ¶ 31.)

      Defendant seeks to dismiss this claim based on insufficient facts. (Doc. No. 19 at 14.) Defendant argues that Plaintiff has not sufficiently stated claims for violations of the California Labor Code under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015). (*See* Doc. No. 19 at 14.) In reply, Plaintiff contends he has provided adequate factual support by citing many specific examples of alleged unpaid time, including the specific weeks in which he allegedly worked overtime and the types of tasks for which Defendant allegedly failed to pay him.

      "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers*, 771 F.3d at 646. In the employment class action context, courts have also repeatedly rejected similar allegations that simply "recite[] the statutory language setting forth the elements of the claim, and then slavishly repeat[] the statutory language as to the purported factual allegations." *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009); *Weigele v. FedEx Ground Package Sys.*, No. 06–

CV–1330 JLS (POR), 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010) (dismissing complaint alleging that "Defendant required the Plaintiffs to work overtime without lawful compensation" and that "Defendant required Plaintiffs to work . . . without being given a 30–minute meal period for shifts of at least five hours and second 30–minute meal periods for shifts of at least ten hours . . . ."); *Anderson v. Blockbuster Inc.*, No. 2:10–cv–00158–MCE–GGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010) (dismissing complaint alleging that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week.").

Here, Plaintiff has not sufficiently pled facts amounting to a claim for unpaid overtime. As in Plaintiff's original complaint, Plaintiff states "[d]uring the relevant time period, Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week." (FAC ¶ 29.) This claim is followed by the allegation that, "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other Class Members." (*Id.* ¶ 33.) Then finally, Plaintiff concludes "Defendants' failure to pay Plaintiff and the other Class Members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful." (*Id.* ¶ 34.) Although Plaintiff provides examples of the types of tasks which required overtime compensation, he fails to state facts about his routine shift hours, his rate of pay, or an estimate of the amount of overtime he believes he is due for each week he worked. *See Morrelli*, 2019 WL 918210, at *6 (denying motion to dismiss where Plaintiff detailed the schedules they were assigned to work which were more than 8 hours, set out their hours and regular shifts, and estimated the amount of overtime they believe they were due for each week worked.)

On these grounds, the Court dismisses Plaintiff's first cause of action **WITH LEAVE TO AMEND.**

///

///

### C. Plaintiff's Second and Third Causes of Action for Missed Meal and Rest Periods

In his third and fourth causes of action, Plaintiff alleges that Defendant failed to provide compliant meal and rest periods pursuant to Labor Code sections §§ 226.7 and 512(a). (FAC ¶¶ 36–55.) Specifically, Plaintiff asserts Defendant failed to provide compliant meal periods by (1) "[f]ailing to adequately advise Plaintiff and the Class of their meal period rights[;]" (2) "[r]outinely interrupting Plaintiff and the Class during meal periods, including by calling on the phone, and requiring them to perform work duties such as responding to client calls and signing paperwork;" (3) [p]ressuring Plaintiff and the Class to take meal periods late and return early from meal periods to keep the production line running without interruption;" and (4) "[s]etting production goals and staffing levels that caused Plaintiff and the Class to take late or short meal periods." (*Id.* ¶ 41.) Defendant counters that Plaintiff fails to identify any specific instances in which Defendant allegedly failed to provide Plaintiff a meal or rest period, or failed to pay Plaintiff meal or rest period premiums. (Doc. No. 19 at 17.) Plaintiff responds that the facts in the FAC are sufficient to support Plaintiff's second and third causes of action. (Doc. No. 23 at 12.)

The Court finds that Plaintiff has not sufficiently pled facts amounting to claims for missed meal and rest periods. Plaintiff fails to explain how each of these actions prevented employees from taking their meal or rest breaks. For example, Plaintiff's allegation that Defendant failed to adequately advise Plaintiff and the purported class of their meal period rights is insufficient, without more information, as to how this affected their rights under the meal and rest period provisions. Similarly, the alleged production goals and staffing levels lack specificity in its effect on Plaintiff's inability to take his meal and rest breaks. *See Johnson v. Winco Foods, LLC*, No. ED CV 17-2288-DOC (SHKx), 2018 WL 6017012, at *10 (C.D. Cal. Apr. 2, 2018) (although Plaintiff alleged a policy of "understaffing," Plaintiff failed to "identify any specific instance in which Defendants failed to provide him a meal or rest break or failed to pay him meal or rest break premiums in compliance with state law."). Regarding Defendant allegedly pressuring Plaintiff and the purported class to

take late meal periods and return early, Plaintiff fails to provide sufficient detail to support a reasonable inference that Defendant violated California Labor Code §§ 226.7 and 512(a). Plaintiff's complaint lacks any allegation of at least one meal or rest break where he worked through the break without compensation. *See Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015). Thus, the Court dismisses the second and third causes of action **WITH LEAVE TO AMEND.**

### D. Plaintiff's Fourth Cause of Action for Failure to Pay Minimum Wages

In Plaintiff's fourth claim, he asserts that Defendant violated California Labor Code §§ 1194, 1197, and 1197.1, which provides the minimum wage to be paid to employees and that the payment of a lesser wage than the minimum so fixed is unlawful. (FAC ¶ 57.) Specifically, Plaintiff alleges Defendant regularly failed to pay minimum wage by: by (1) requiring him to answer phone calls from supervisors after his shifts, approximately two times per week, for two to ten minutes per call; (2) requiring that Plaintiff sign paperwork after clocking out for his shift; (3) interrupting Plaintiff's meal periods with work tasks; (4) deducting 30 minutes from Plaintiff's work time despite Plaintiff's inability to take a full 30-minute meal period; and (5) rounding Plaintiff's work time in a non-neutral fashion which failed to compensate Plaintiff for all hours worked. (*Id.* ¶ 58.)

The Court finds that Plaintiff's claim for failure to pay minimum wages is derivative of Plaintiff's claim for failure to provide meal and rest breaks and pay meal and rest break premiums. Therefore, because the Court dismissed Plaintiff's claim for failure to provide meal and rest breaks, the Court also dismisses Plaintiff's claim for failure to pay minimum wages on those allegations premised on Defendant's alleged failure to compensate Plaintiff for missed meal and rest breaks **WITH LEAVE TO AMEND**. *See Johnson*, 2018 WL 6017012, at *13.

### E. Plaintiff's Fifth Cause of Action for Failure to Pay Wages Upon Termination

Plaintiff's fifth cause of action alleges that Defendant violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and other purported class

members all of their wages within seventy-two hours of their leaving Defendant's employ. (FAC ¶¶ 64–65.) Defendant counters that because Plaintiff's allegations are based on the underlying alleged Labor Code violations, which have been dismissed by the Court, that this claim should also fail. (Doc. No. 19 at 18.) Here, Plaintiff fails to establish that Defendant "willfully" failed to pay those wages upon termination, which is required under California Labor Code § 203. *See Johnson*, 2018 WL 6017012, at *16. Plaintiff merely makes the conclusory statement that Defendant "intentionally and willfully failed to pay Plaintiff and other Class Members . . ." without providing details as to how Defendant intentionally failed to pay wages upon termination. (FAC ¶ 64.) Thus, the Court dismisses the fifth cause of action **WITH LEAVE TO AMEND.**

### F. Plaintiff's Sixth Cause of Action for Unreimbursed Business Expenses

Plaintiff next asserts that Defendant intentionally and willfully failed to reimburse Plaintiff and other purported class members' business-related expenses, in violation of California Labor Code §§ 2800 and 2802. (FAC ¶ 71.) Plaintiff alleges that Defendant required Plaintiff and the purported class to use their personal mobile phones for work-related purposes and purchase work boots with a reimbursement voucher which did not cover the full purchase price of the boots. (*Id.* ¶ 70.) Defendant contends Plaintiff's allegations are insufficient because he fails to allege facts which show Defendant failed to reimburse Plaintiff for necessary expenses which he personally incurred, and fails to allege facts that show these materials fall within the scope of Labor Code § 2802 as a "necessary expense." (Doc. No. 19 at 19.)

Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." "Necessary expenditures or losses" include all "reasonable costs." Cal. Lab. Code § 2802(c). "To demonstrate that an employer has violated § 2802, a plaintiff must show that: (1) he or she is an employee; (2) he or she incurred necessary expenses either in the discharge of his or her duties or in obeying the employer's directions; and (3) the employer failed to reimburse the plaintiff for such

expenses." *Dismone v. Allstate Ins. Co.*, No. C 96–36606 CW, 1999 WL 33226248, at *7 (N.D. Cal. Sept.14, 1999); *see also Gattuso v. Harte–Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567–68 (2007). Additionally, the employer "must either know or have reason to know that the employee has incurred [the] expense." *Marr v. Bank of Am.*, No. C 09–5978, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011).

The Court finds Plaintiff has failed to sufficiently specify both how he was required to use his cell phone and then denied reimbursement for the usage, and what expenses he incurred related to the work boots. *See Wert v. U.S. Bancorp*, No. 13-cv-3130-BAS(BLM), 2014 WL 2860287, at *6 (S.D. Cal. June 23, 2014). Moreover, Plaintiff has failed to allege facts showing that the costs for the business-related materials fall within the scope of Labor Code section 2802 as a "necessary expense." *Id*. Thus, the Court dismisses the sixth cause of action **WITH LEAVE TO AMEND.**

### G. Plaintiff's Seventh Cause of Action for Unfair Competition

Plaintiff's seventh cause of action asserts Defendant's conduct amounts to unfair competition, in violation of California Business and Professions Code §§ 17200, et. seq. (FAC ¶¶ 73–74.) Specifically, Plaintiff alleges Defendant's policies and practices of requiring employees to work overtime and through their meal and rest periods, without proper compensation, and of failing to timely pay wages amount to unlawful business acts. (*Id*. ¶ 75.) Defendant counters that because Plaintiff's claim for unfair competition is based entirely on his underlying claims for overtime, minimum wages, failure to provide meal periods, and failure to provide rest periods, which the Court has dismissed, his derivative unfair competition claim should similarly fail. (Doc. No. 19 at 19.) Plaintiff replies that he has alleged sufficient facts to withstand the motion to dismiss. (Doc. No. 23 at 16.)

The Court finds that Plaintiff's claim for unfair competition is derivative of Plaintiff's first through sixth causes of action. Therefore, because the Court dismissed Plaintiff's first through sixth causes of action, the Court also dismisses Plaintiff's claim for unfair competition **WITH LEAVE TO AMEND**.

///

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to strike Plaintiff's class allegations, and **GRANTS** Defendant's motion to dismiss Plaintiff's FAC. (Doc. No. 18.) Should Plaintiff choose to do so, where leave is granted, he must file an amended complaint curing the deficiencies noted herein by **October 15, 2021**.

**IT IS SO ORDERED.**

Dated: October 4, 2021

Hon. Anthony J. Battaglia
United States District Judge