UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER VALLEJO, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-01788-AJB-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(Doc. No. 31)** |

Presently pending before the Court is Defendant Sterigenics U.S., LLC's ("Defendant") motion to dismiss Plaintiff Alexander Vallejo's ("Plaintiff") Second Amended Complaint ("SAC"). (Doc. No. 31.) The motion is fully briefed, (Doc. Nos. 33 & 34), and the matter is suitable for determination on the papers pursuant to Local Civil Rule 7.1.d.1. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss Plaintiff's SAC.

**I.　BACKGROUND**

Plaintiff, a former employee of Sterigenics U.S., LLC, brings this class action against Defendant for: (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) failure to reimburse expenses, and (7) unfair competition, under California's Labor

Codes and Business and Professions Code. (SAC, Doc. No. 27.) Defendant seeks to dismiss Plaintiff's SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 31.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III. DISCUSSION

### A. Claims One and Four: Failure to Pay Overtime and Minimum Wages

In its motion to dismiss, Defendant challenges Plaintiff's first and fourth causes of action for unpaid overtime and unpaid minimum wages based on insufficient facts. (Doc. No. 31-1 at 9, 14.) Defendant argues Plaintiff has not sufficiently stated claims for violations of the California Labor Code under *Landers v. Quality Communications, Inc.*,

771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015). (*See id.*) Specifically, Defendant asserts that although Plaintiff's SAC now "identifies his rate of pay and his regular work schedule," (*id.* at 9), he "fails to identify any specific instance or workweek during which Plaintiff allegedly worked overtime, or any estimate as to the amount of overtime allegedly owed," (*id.* at 11). In reply, Plaintiff contends he has set forth adequate factual allegations, including his work hours, regular shifts, and estimates of how often the alleged violations occurred. (Doc. No. 33 at 16.) The Court finds Plaintiff has sufficiently stated a claim for failure to pay overtime.

In order to state a claim under California law for failure to pay overtime, Plaintiff must sufficiently allege viable facts for the Court to plausibly infer that overtime was not paid. *See Anderson v. Blockbuster Inc.*, No. 2:10-CV-00158-MCE-GGH, 2010 WL 1797249, at *2 (E.D. Cal. May 4, 2010). In *Anderson*, the plaintiff alleged a violation of California Labor Code §§ 510 and 1198 for unpaid overtime. *Id.* at *1. The FAC in that case contended that "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week." *Id.* at *2. The court held the plaintiff did not adequately plead violations of state overtime. *Id.* at *3. Specifically, the court reasoned the plaintiff's allegations were "no more than conclusions, [and] are not entitled to the assumption of truth." *Id.* Moreover, "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers*, 771 F.3d at 646.

First, Plaintiff continues to fail to specify an instance or workweek in which he allegedly worked over forty hours per week to trigger the overtime pay requirements. S*ee Horton v. NeoStrata Co. Inc.*, No. 3:16-cv-02189-AJB-JLB, 2016 WL 11622008, at *4 (S.D. Cal. Nov. 22, 2016) (dismissing plaintiff's overtime claim where she failed to provide specific facts proving an excess of forty hours a week was worked). Rather, Plaintiff merely repeats the conclusory statement that he often worked in excess of forty hours per week.

(*See* SAC ¶¶ 29, 30, 31.) Thus, Plaintiff fails "to provide sufficient detail about the length and frequency of [Plaintiff's] unpaid work to support a reasonable inference that [Plaintiff] worked more than forty hours in a given week." *Landers*, 771 F.3d at 646. *See Perez v. Wells Fargo & Co.*, No. C 14-0989 PJH, 2014 WL 6997618, at *8 (N.D. Cal. Dec. 11, 2014) (dismissing plaintiffs' claims under the FLSA and requiring plaintiffs to plead facts showing "a specific week" in which they worked "more than 40 hours a week and [were] not compensated for overtime."). However, this is not dispositive of Plaintiff's unpaid overtime claim.

Plaintiff now specifies that he "typically worked eight (8) hours per day, from 6:00 a.m. to 2:30 p.m." and "earned approximately $17.80 per hour." (SAC ¶ 16.) Plaintiff's allegations thus show he was scheduled to an eight and one-half hour shift each day, (*id.* ¶ 30; Doc. No. 33 at 13), during which time he was allegedly required to work uncompensated overtime with tasks such as answering phone calls after he had already clocked out for the day, "occurring approximately two (2) times per week, for two (2) to ten (10) minutes per call," (*id.* ¶ 31(a)). Moreover, Plaintiff asserts he worked uncompensated overtime "in one or both of the workweeks" between January 9, 2017, and December 24, 2017[1], (*id.* ¶ 30)—a roughly forty-week period. Plaintiff further states he was not compensated for all hours worked, including required overtime compensation. (*Id.* ¶ 31.) As such, Plaintiff has sufficiently asserted he worked in excess of eight hours in a day without compensation.

Additionally, Plaintiff's claim for failure to pay minimum wages is derivative of Plaintiff's claim for failure to pay overtime. Thus, because the Court found Plaintiff sufficiently stated a claim for failure to pay overtime, the Court also finds Plaintiff has sufficiently pled a claim for failure to pay minimum wages.

---

[1] With the exception of May 29, 2017, through June 11, 2017; July 24, 2017, through August 20, 2017; and November 27, 2017, through December 10, 2017.

Based on the foregoing, Defendant's motion to dismiss claims one and four is **DENIED**.

### B.     Claims Two and Three: Missed Meal and Rest Periods

Next, Defendant asserts Plaintiff's SAC continues to lack specificity because he "fails to allege facts regarding 'when, how, and which individuals were denied meal and rest periods' that would plausibly indicate Defendant's liability." (Doc. No. 31-1 at 11–12) (quoting *Ratcliffe v. Apex Systems LLC*, No. 3:19-cv-01688-WQH-MDD, 2019 WL 5963759, at *4 (S.D. Cal. Nov. 13, 2019)). Plaintiff counters that his SAC adds specificity and "includes that it was not just generalized pressure or understaffing which forced him to miss meal and rest breaks." (Doc. No. 33 at 12.)

In his SAC, Plaintiff explains how Defendant's actions prevented employees from taking their meal or rest breaks by asserting "Defendants' managers routinely interrupt[ed] and pressure[ed] Plaintiff and the Class to complete their assigned duties during meal periods[.]" (SAC ¶ 41(a).) Plaintiff offers an example of such interruption, stating, "Plaintiff would be interrupted four (4) to six (6) times per month, for two (2) to ten (10) minutes per instance, by having to sign documentation for products that has [sic] been delivered to Defendants' facilities during meal periods." (*Id.* ¶ 41(b).) Moreover, Plaintiff asserts he "and his co-workers . . . were required and reminded by their supervisors to keep the production line running without interruption, even during their meal periods." (*Id.* ¶ 41(c).) Plaintiff further alleges that he and the Class were not provided with sufficient coverage for them to be relieved of their duties during meal periods. (*Id.* ¶ 41(d).)

Based on these allegations, the Court finds that Plaintiff has adequately pled why and how he was prevented from taking proper meal and rest breaks. *See Varsam v. Laboratory Corp of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("[C]ourts have held that if an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods, there are sufficient grounds to find a violation of the California Labor Code."). Accordingly, Defendant's motion to dismiss Plaintiff's meal and rest claims is **DENIED**.

## C. Claim Five: Failure to Pay Wages Upon Termination

Plaintiff's fifth cause of action asserts Defendant violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and other purported class members all of their wages within seventy-two hours of their leaving Defendant's employ. (SAC ¶¶ 64–65.) Defendant counters that Plaintiff fails to establish that Defendant willfully failed to pay owed pages upon termination. (Doc. No. 31-1 at 15.) However, Plaintiff's claim for failure to pay wages upon termination is derivative of Plaintiff's claims for missed meal- and rest-breaks, failure to pay minimum wages, and failure to pay overtime wages. *See Varsam*, 120 F. Supp. 3d at 1179–80 (holding that because plaintiff adequately alleged claims for missed meal and rest breaks, and failure to pay overtime and minimum wages, "it can reasonably be inferred that Defendant deliberately failed to pay wages that it knew were owed.") Plaintiff also asserts that his and many other Class Members' employment "was terminated by quitting or discharge." (SAC ¶ 64.) Thus, Plaintiff has alleged sufficient facts to meet the requirements for waiting time penalties under § 203. As such, Defendant's motion to dismiss is **DENIED**.

## D. Claim Six: Unreimbursed Business Expenses

Plaintiff next asserts Defendant intentionally and willfully failed to reimburse Plaintiff and other purported class members' business-related expenses, in violation of California Labor Code §§ 2800 and 2802. (SAC ¶ 71.) Plaintiff alleges Defendant required Plaintiff and the purported class to use their personal mobile phones for work-related purposes and purchase work boots with a reimbursement voucher which did not cover the full purchase price of the boots. (*Id.* ¶ 70.) Defendant contends Plaintiff's SAC is insufficient because he continues in failing to allege facts which show he was denied reimbursement and that these materials fall within the scope of Labor Code § 2802 as a "necessary expense." (Doc. No. 31-1 at 16.)

Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." "Necessary expenditures or losses"

include all "reasonable costs." Cal. Lab. Code § 2802(c). "To demonstrate that an employer has violated § 2802, a plaintiff must show that: (1) he or she is an employee; (2) he or she incurred necessary expenses either in the discharge of his or her duties or in obeying the employer's directions; and (3) the employer failed to reimburse the plaintiff for such expenses." *Dismone v. Allstate Ins. Co.*, No. C 96–36606 CW, 1999 WL 33226248, at *7 (N.D. Cal. Sept. 14, 1999); *see also Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567–68 (2007). Additionally, the employer "must either know or have reason to know that the employee has incurred [the] expense." *Marr v. Bank of Am.*, No. C 09–5978, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011).

The Court finds Plaintiff has failed to sufficiently specify both how he was required to use his cell phone and then denied reimbursement for the usage, and how he was required to spend an extra $20 to $50 on work boots. *See Wert v. U.S. Bancorp*, No. 13-cv-3130-BAS(BLM), 2014 WL 2860287, at *6 (S.D. Cal. June 23, 2014). Moreover, Plaintiff has failed to allege facts showing the costs for the business-related materials fall within the scope of Labor Code section 2802 as a "necessary expense." *Id.* Thus, Plaintiff's sixth cause of action is **DISMISSED** with leave to amend.

### E.   Claim Seven: Unfair Competition

Plaintiff asserts in his seventh claim that Defendant committed unfair business practices by "requiring employees . . . to work overtime . . . [and] to work through their meal and rest periods" without proper compensation, and by "failing to timely pay wages" to Plaintiff and the Class. (SAC ¶ 75.) Defendant contends in its motion that because Plaintiff's claim for unfair competition is based entirely on his underlying claims for overtime, minimum wages, failure to provide meal periods, and failure to provide rest periods, which Defendant asserts lack specificity, his derivative unfair competition claim should similarly fail. (Doc. No. 31-1 at 17.)

Section 17200 claims "[are] a derivative cause of action and [plaintiff's] ability to pursue this cause of action depends on the success or failure of their substantive causes of action." *See Christiansen v. Wells Fargo Bank*, No. C 12-02526 DMR, 2012 WL 4716977,

at *9 (N.D. Cal. Oct. 1, 2012). Further, "[a] plaintiff alleging unfair business practices under [17200] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Because Plaintiff's claims for overtime, minimum wage, and failure to provide meal and rest periods survive, the Court **DENIES** Defendant's motion to dismiss. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 977 (N.D. Cal. 2012) ("As a derivative claim based upon [ ] Cal Civ. Code § 2923.5, [Plaintiffs'] § 17200 claim rises and falls along with that underlying cause of action. Having determined that Plaintiffs' § 2923.5 claim was [sufficiently] pled . . . the court finds Plaintiffs' § 17200 claim is likewise sufficiently pled . . .").

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's sixth cause of action is **DISMISSED** with leave to amend. (Doc. No. 31.) Should Plaintiff choose to do so, where leave is granted, he must file an amended complaint curing the deficiencies noted herein by **January 6, 2022**.

**IT IS SO ORDERED.**

Dated: December 14, 2021

Hon. Anthony J. Battaglia
United States District Judge