UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER VALLEJO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  20-cv-01788-AJB-AHG<br><br>**ORDER DENYING PROPOSED INTERVENOR'S MOTION TO INTERVENE**<br><br>**(Doc. No. 77)** |

Presently before the Court is nonparty Anthony Freeman's ("Freeman") motion to intervene and for leave to file an Opposition to the Motion for Preliminary Approval of Class Action Settlement, or in the alternative, a Motion to Deny Preliminary Approval. (Doc. No. 77.) Both Plaintiff and Defendant oppose the motion. (Doc. Nos. 82, 84.) The Court finds the matters suitable for decision on the papers and without oral argument, pursuant to Local Civil Rule 7.1.d.1. Accordingly, the Court hereby **VACATES** the hearing currently set for **April 27, 2023, at 2:00 p.m.** As set forth more fully below, the Court **DENIES** Freeman's motion.

## I.    BACKGROUND

Freeman, the named plaintiff in a separate class action lawsuit against Defendant Sterigenics U.S., LLC ("Defendant"), seeks to intervene in the instant action and moves

1

for leave to file an Opposition to the Motion for Preliminary Approval of Class Action Settlement, or in the alternative, a Motion to Deny Preliminary Approval. (Doc. No. 77.) This motion arose in the context of the Motion for Preliminary Approval of Class Action and PAGA Settlement in the instant case. (*See* Doc. No. 69.)

## A.    The Instant Case

In the instant case, Plaintiff Alexander Vallejo ("Plaintiff") alleges violations of wage abuse under California's Labor Codes and Business and Professions Code. Plaintiff's original Complaint alleged causes of action for: (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) failure to provide accurate wage statements, (7) failure to reimburse expenses, and (8) violation of California Business and Professions Code § 17200, et seq. (Doc. No. 1-3.)

On June 29, 2021, this Court dismissed Plaintiff's sixth claim for failure to provide accurate wage statements without leave to amend, as the claim was time-barred. (*See* Doc. No. 17 at 16.) Plaintiff thereafter filed a Second Amended Complaint, to which Defendant filed a motion to dismiss. (Doc. Nos. 27, 31.) The Court granted in part and denied in part the motion to dismiss. (Doc. No. 36.) Plaintiff filed a Third Amended Complaint ("TAC"), alleging claims for: (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) failure to reimburse expenses, and (7) violation of California Business and Professions Code § 17200, et seq. (TAC, Doc. No. 37.) The TAC defined the Class as "[a]ll current and former non-exempt employees of any of the Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified class action is provided to the class." (*Id.* ¶ 11.)

On November 4, 2022, after over 31 months of litigation and two rounds of mediation with the Honorable Magistrate Judge Allison H. Goddard, the parties accepted a mediator's proposal issued by the Magistrate Judge on October 28, 2022. (*See* Doc. No. 60.) The accepted proposal and settlement agreement specifically contemplated that

Plaintiff would file a Fourth Amended Complaint ("4AC"), adding back the previously dismissed claim for failure to provide accurate wage statements, and also include a claim under the California Private Attorneys General Act ("PAGA") for penalties, that Defendant would not object to Plaintiff's standing to assert these claims, and that the settlement was contingent on the release of such claims. (*See* Doc. No. 69-2.) As part of the proposed settlement, $25,000 is allocated to the PAGA claims from the proposed settlement total of $875,000. (*Id.*) Thereafter, on December 20, 2022, Plaintiff submitted his letter to the California Labor & Workforce Development Agency ("LWDA"). (Doc. No. 84 at 5.)

On January 13, 2023, Plaintiff filed a motion for preliminary approval of class action and PAGA settlement, (Doc. No. 69), to which Defendant filed a notice of non-opposition, (Doc. No. 71).

### B.   The *Freeman* Case

On September 15, 2022, Freeman submitted a notice to the LWDA, at which time there were no other LWDA notices filed against Defendant. (Doc. No. 77 at 10.) The following day, Freeman filed his class action complaint in the San Bernardino Superior Court, alleging claims for: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid meal period premiums, (4) unpaid rest period premiums, (5) unpaid vested vacation, (6) final wages not timely paid, (7) failure to provide accurate itemized wage statements, and (8) unfair and unlawful competition. (Doc. No. 77-3 at 2.) In January 2023, Freeman amended his complaint to add PAGA causes of action after the PAGA's 65-day exhaustion period had elapsed. (*See* Doc. No. 77-4.) Thereafter, on February 7, 2023, Defendant's counsel first informed Freeman's counsel of the pending settlement in the instant case. (Doc. No. 77 at 10.)

Upon learning of the settlement, Freeman limited his action to allege only Wage Statement Claims and PAGA Claims, dismissing all other claims without prejudice. (*Id.* at 9.)

## II.   REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, the court may take judicial notice of a fact that

3

is "not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Freeman asks the Court to take judicial notice of five exhibits in support of his motion to intervene: (1) the original Complaint filed in *Freeman v. Sterigenics, U.S., LLC, et al.*, case no. CIVSB2220535 ("*Freeman* Action"), in the San Bernardino Superior Court, on September 16, 2022; (2) the First Amended Complaint filed in the *Freeman* Action on January 12, 2023; (3) Freeman's notice to the LWDA, submitted on September 15, 2022; (4) the Order granting the Request for Dismissal of Causes of Action Numbers 1, 2, 3, 4, 5, 6, and 8 in the *Freeman* Action, signed February 21, 2023; and (5) a copy of the search results for PAGA notices filed against Sterigenics as of February 23, 2023. (Doc. No. 77-2 at 2.)

Neither Plaintiff nor Defendant oppose judicial notice of these documents. (*See generally* Doc. Nos. 82, 84.)

Regarding Freeman's first four requests, a "court may take judicial notice of court records in another case." *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). However, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents . . . are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court **GRANTS** Freeman's request for judicial notice for the stated purpose that these documents exist.

As to Freeman's request for judicial notice of the PAGA notices, judicial notice is appropriate because they are part of the public record. The Court, therefore, **GRANTS** the request.

## III.   DISCUSSION

Freeman seeks to intervene in this matter pursuant to Rule 24(a), or alternatively, Rule 24(b). (Doc. No. 77.) Freeman asserts intervention under either provision is appropriate because Plaintiff lacks standing to pursue his Wage Statement claim arising

4

under California Labor Code § 226 and claims under PAGA, and that the parties included these two last-minute claims to "deprive the proposed Plaintiff in Intervention, the putative class members, the State of California and Aggrieved Employees from further pursuing those two claims in exchange for pennies on the dollar." (*Id.* at 3, 7.) Freeman further asserts these two claims were added "in order to subsume those same claims alleged in the *Freeman* matter." (*Id.* at 9.)

### A.    Rule 24(a) Intervention as of Right

In relevant part, Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). There are four requirements for intervention as of right: (1) timeliness; (2) an interest relating to property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect the interest; and (4) the movant's interest is not adequately represented by existing parties. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). The party seeking to intervene bears the burden of showing that all of the requirements for intervention are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Failure to satisfy even one of these elements prohibits the applicant from intervening as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In deciding a motion to intervene, courts need not take as true allegations that are a sham or frivolous. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 1.    Timeliness

First, Freeman's motion for intervention must be timely. Fed. R. Civ. P. 24(a). When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to existing parties; and (3) the length of, and reason for, any

5

delay. *League of United Latin Am. Citizens*, 131 F.3d at 1308 (citing *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986)).

"A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *United States v. State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990). Where, as here, a party seeks to intervene after a settlement agreement has been reached, "[i]ntervention at such a late stage weighs heavily against" granting the motion. *Cal. Dep't of Toxic Substance Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002); *see Air Cal.*, 799 F.2d at 537 (denying as untimely a motion to intervene made after a proposed settlement had been reached by all parties); *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) (finding no abuse of discretion in denial of intervention on the eve of settlement).

Both Parties argue that Freeman's motion is untimely and thus should be precluded from intervening at this point in time, given the prolonged and extensive nature of this litigation. According to Defendant, Freeman filed his purported class claims on September 16, 2022, but did not serve or otherwise notify Defendant of this Complaint at the time. (Doc. No. 82 at 9.) After Plaintiff filed his 4AC in this case on December 29, 2022 and his motion for preliminary approval of the settlement on January 13, 2023, Freeman filed—and this time served—an amended complaint to add similar PAGA claims. (*Id.*) However, Freeman argues his counsel was not notified of the settlement in the instant case until February 7, 2023. (Doc. No. 77 at 3.)

In the instant matter, the Court assesses timeliness by the date when Freeman received notice that the proposed settlement was contrary to his interest. That date is February 7, 2023, when Defendant's counsel informed Freeman's counsel of the pending settlement. Approximately three weeks later, Freeman filed his Motion to Intervene. Based on these facts, the Court finds Freeman has satisfied the timeliness prong, as the notice of intervention was filed just weeks after the *Vallejo* Motion for Preliminary Approval of Settlement was filed. *See Callahan v. Brookdale Senior Living Communities, Inc.*, No. 2:18-cv-10726-VAP-SSx, 2020 WL 4904653, at *4 (C.D. Cal. May 20, 2020) (finding

6

motions for intervention timely where they were filed between one week and one month after the parties filed a motion for approval of a PAGA settlement).

### 2.   Significantly Protectable Interest

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). A prospective intervenor must demonstrate a significantly protectable interest in the lawsuit to merit intervention. *Nw. Forest Res. Council*, 82 F.3d at 837. "To demonstrate this interest, a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id.* (internal quotation marks and alteration omitted). The interest must be "direct, non-contingent, substantial and legally protectable . . . ." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981). Moreover, "[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) (citing *Montana v. U.S. Env't Prot. Agency*, 137 F.3d 1135, 1141–42 (9th Cir. 1998)).

Freeman asserts he has a significant, protectable interest because the instant action seeks to release the same Wage Statement and PAGA claims that the *Freeman* action asserts. (Doc. No. 77 at 13.) Freeman contends he seeks to represent current and former employees of Sterigenics in California, from September 16, 2020 to the present, and that the disposition of the instant action will impair and impede Freeman's ability to protect his interests and the interests of the putative class he seeks to represent. (*Id.* at 13–14.)

Defendant opposes Freeman's motion on the basis that he is not a real party in interest to the PAGA claims because in a PAGA action, an employee acts "as the proxy or agent of the state's labor law enforcement agencies" and represents the legal rights and interest of those agencies to benefit the public, not to benefit any private parties. (Doc. No. 82 at 10 (quoting *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009).)

While the facts underlying the PAGA action and the class claims are similar, a PAGA action is procedurally distinct. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d

7

1117, 1124 (9th Cir. 2017) ("Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action on behalf of and for the benefit of the state, not a claim for class relief."). A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA 'does so as the proxy or agent of the state's labor law enforcement agencies.'" *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 81 (2020) (quoting *Arias*, 46 Cal. 4th at 986). Thus, a PAGA claim is appropriately viewed as "a dispute between an employer and the state." *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 386 (2014) *abrogated on other grounds by Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022).

"Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 436 (9th Cir. 2015) (quoting *Baumann*, 747 F.3d at 1123); *see Robinson v. S. Counties Oil Co.*, 53 Cal. App. 4th 476, 483 (2020) (holding that where a settlement is reached in a PAGA action, a plaintiff "cannot opt out of that settlement and thereafter pursue civil penalties for the same violations again on behalf of the LWDA"). Those procedural requirements are not necessary to protect due process rights in the context of a PAGA action because "absent employees do not own a personal claim for PAGA civil penalties, and whatever personal claims the absent employees might have for relief are not at stake." *Williams v. Superior Ct.*, 3 Cal. 5th 531, 547 n.4 (2017) (internal citations omitted). "[T]he civil penalties a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or penalties that may be available to employees suing for individual violations." *Kim*, 9 Cal. 5th at 81.

The Court finds Freeman does not have a protectable interest and thus may not intervene as of right. The California Supreme Court has repeatedly held that the relevant interest in a PAGA action belongs to the state, not the individual. *See Kim*, 9 Cal. 5th at 81; *Iskanian*, 59 Cal. 4th at 386; *Arias*, 46 Cal. 4th at 986; *see also Feltzs v. Cox Commc'ns. Cal., LLC*, Case No. SACV 19-2002 JVS (JDEx), 2022 WL 401807, at *4–6 (C.D. Cal. Jan. 21, 2022). Under PAGA, the LWDA has several opportunities to protect the state's

interests. Plaintiff must provide notice of the alleged violations to the LWDA at least sixty days prior to commencing a civil action so that it may determine whether it will investigate. *See* Cal. Labor Code § 2699.3(a)(1)(A). Plaintiff also must provide notice of the lawsuit when it is filed, and notice of the settlement at the time it is submitted to the court for approval. *See id.* § 2699 (l)(1)–(2). In light of the multiple opportunities for the LWDA to protect the state's interest, there is no rationale for treating Freeman's action as superior to Plaintiff's, or for assuming that Freeman's view of the settlement is more indicative of the state's interest. *Feltzs*, 2022 WL 401807, at *6.

There is also the additional safeguard that the settlement must be submitted to the court for approval, *see* Cal. Labor Code § 2699 (l)(2), which requires evaluation of the PAGA settlement to "determine whether it is fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws." *Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 77 (2021). In addition to emphasizing that "absent employees do not own a personal claim for PAGA civil penalties," *Williams*, 3 Cal. 5th at 547 n.4, the California Supreme Court has consistently held that the resolution of the state's claims in a PAGA representative action does not affect any individual claims. *See, e.g.*, *Kim*, 9 Cal. 5th at 81 ("[T]he civil penalties a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or penalties that may be available to employees suing for individual violations.").

The Court agrees that a plaintiff in a parallel PAGA action lacks a protectable interest to support intervention in the settlement of a separate PAGA action with overlapping claims. *See Turrieta v. Lyft, Inc.*, 69 Cal. App. 5th 955, 977 (2021). Given the California Supreme Court's body of precedent regarding PAGA, the Court is persuaded this accurately reflects what the California Supreme Court will likely hold on review. While not dispositive, the Court also notes this is consistent with how prior district courts within the Ninth Circuit have answered this question. *See, e.g.*, *Feltzs*, 2022 WL 401807; *Chalian v. CVS Pharmacy, Inc.*, No. CV 16-08979-AB (AGRx), 2020 WL 5266462 (C.D.

9

Cal. July 30, 2020) (denying motion to intervene because the intervenor-plaintiffs had no protectable interest in PAGA claims); *Callahan*, 2020 WL 4904653, at *5–6 (denying motion to intervene in PAGA action because the proposed-intervenors represent the same legal right and interest as the plaintiffs).

Accordingly, the Court **DENIES** the motion for intervention as of right regarding the PAGA claim because Freeman does not have a protectable interest at stake in this cause of action.

As to whether Freeman has a significant protectable interest in the Wage Statement claim, the Court finds Freeman has sufficient legal interest in this claim as the Amended Complaint in *Freeman* and the 4AC in the instant case bring similar claims, involve similar classes of people, and seek similar relief.

### 3.     Impairment of Putative Intervenor's Interest

While Freeman has a protectable interest in the Wage Statement claim, his interests will not be impaired absent intervention. As other courts have explained, "courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative intervenors' ability to protect their interests by less disruptive means." *Zepeda v. PayPal, Inc.*, Case No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014). For example, putative intervenors may "opt[] out of the settlement class or participat[e] in the fairness hearing process." *Id.*; *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (denying putative intervenor's motion because the putative intervenor could "opt out of the Settlement and litigate his claims independently, or he may instead object to it"), *aff'd*, 894 F.3d 1030 (9th Cir. 2018); *Hofstetter v. Chase Home Fin., LLC*, No. C 10-01313 WHA, 2011 WL 5415073, at *2–3 (N.D. Cal. Nov. 8, 2011) (holding the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).

The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may "largely be addressed through the normal objection process."

*Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (explaining the "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").

The circumstances here are no different. Freeman may raise any concerns as an objector during the settlement proceedings. Before the Court will approve the settlement, the Court must conclude that the settlement is "fair, reasonable, and adequate" and that Plaintiff and class counsel "have adequately represented the class." Fed. R. Civ. P. 23(e)(2). Thus, because Freeman cannot show that his interests will be impaired absent intervention, he may not intervene under Rule 24(a). *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.").

### 4.    Adequacy of Representation

In determining whether an applicant's interest would be represented adequately by a present party, a court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838 (citing *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

Freeman asserts Plaintiff and his counsel do not adequately represent the interests of Freeman and his purported class because Plaintiff is time-barred from bringing the Wage Statement and PAGA claims and thus lacks standing. (Doc. No. 77 at 15–16.) The Court finds this unavailing.

Freeman's standing argument conflates the statute of limitations with Article III's injury-in-fact requirement for standing. As discussed above, Plaintiff's wage statement claim was dismissed due to Defendant's statute of limitations defense. California Labor Code § 226's one-year statute of limitations has no effect on Article III standing or

jurisdiction. *See* Cal. Civ. Proc. Code § 340(a) (providing a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation."). Indeed, it is well settled that "[s]tatutes of limitations and other filing deadlines 'ordinarily are not jurisdictional.'" *Musacchio v. United States*, 577 U.S. 237, 246 (2016) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013)). "In civil cases, the statute of limitations is not jurisdictional but merely serves a procedural function and constitutes an affirmative defense that is waived unless pleaded and proved." *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 541 (2021). Thus, the defendant has the discretion to waive its statute of limitations defense. *Id.* at 542. In the Parties' proposed settlement agreement, Defendant specifically states it "will not object to Plaintiff's standing to assert [the Wage Statement and PAGA] claims." (Doc. No. 69-2 at 31.) The Court therefore finds Plaintiff does not lack standing and is not time-barred in bringing these claims.

Freeman further asserts Plaintiff failed to exhaust his administrative remedies in bringing his PAGA claim because he failed to wait the 65-day period before filing his 4AC, signing a settlement agreement, and filing his Motion for Preliminary Approval. (Doc. No. 77 at 16.)

Before a plaintiff can pursue a PAGA claim, the plaintiff must exhaust the administrative remedies specified in California Labor Code § 2699.3. In particular, § 2699.3 requires that prospective PAGA plaintiffs "give written notice by online filing with the [LWDA] and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." *Id.* § 2699.3(a)(1)(A). The LWDA has 60 days from that point to tell the prospective PAGA plaintiff whether or not it intends to investigate the alleged violation. *Id.* § 2699.3(a)(2)(A). The prospective PAGA plaintiff can file the PAGA suit after (1) receiving notice from the LWDA that the agency will not investigate or, (2) if the LWDA does not provide notice, the prospective plaintiff can file suit 65 days after the

postmark date of the notice Plaintiff initially provided to the LWDA and the employer. *Id.*

Defendant received notice of Plaintiff's PAGA claim on November 4, 2022, upon agreement to the mediator's proposal to amend Plaintiff's complaint to include the PAGA claim. Plaintiff thereafter provided notice to the LWDA on December 20, 2022. Sixty-five days from December 20, 2022 is February 23, 2023. To date, the LWDA has not provided Plaintiff with notice that the agency intends to investigate. (Doc. No. 82 at 16–17.)

The Parties do not dispute that Plaintiff did not wait the requisite 65-days before amending his 4AC. Instead, Defendant argues that a failure to exhaust administrative remedies under PAGA is an affirmative defense that the defendant may waive, and that Defendant has done so here. (Doc. No. 82 at 16 (citing *Batson v. United Parcel Serv., Inc.*, No. 12cv0839 BTM (JMA), 2012 WL 4482782, at *2 (S.D. Cal. Sept. 27, 2012).) The Court agrees. *See Batson*, 2012 WL 4482782, at *2 (finding a "failure to exhaust administrative remedies under the PAGA is an affirmative defense subject to waiver") (citing *O'Sullivan v. AMN Services, Inc.*, No. C-12-02125 JCS, 2012 WL 2912061 (N.D. Cal. July 16, 2012)). Indeed, courts have found "little reason to punish [Plaintiff] for acting too quickly once [he] had taken the requisite step of providing notice under section 2699.3(a)(1)." *Bradescu v. Hillstone Rest. Grp., Inc.*, No. SACV 13-1289-GW (RZx), 2014 WL 5312546, at *10 (C.D. Cal. Sept. 18, 2014); *see Magadia v. Wal-Mart Associates, Inc.*, 319 F. Supp. 3d 1180, 1188–89 (N.D. Cal. 2018) (finding that the plaintiff's failure to complete the 65-day exhaustion waiting period did not bar adjudicating his PAGA claim because exhaustion had subsequently occurred); *Donnelly v. Sky Chefs, Inc.*, Case No.16-cv-03403-JD, 2016 WL 9083158, at *2 (N.D. Cal. Oct. 25, 2016) ("California courts have not held that the failure to exhaust administrative remedies before initiating PAGA actions must led [sic] to dismissal of the PAGA claim."); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EM, 2010 WL 56179, at *2 (N.D. Cal. Jan. 5, 2010) ("The bottom line is that Ms. Harris has now sent a PAGA notice and furthermore has received a response from the state agency. . . . [T]he failure to exhaust . . . has now, in essence, been cured.").

Freeman further argues that because he had already exhausted his requirements with

13

the LWDA before Plaintiff submitted to the LWDA and has already been deputized by the State to pursue claims against Defendant, he has the exclusive rights to pursue the PAGA claims. (Doc. No. 85 at 6.) However, Freeman fails to cite any law in support of this argument, and the Court finds none. As such, the Court finds this argument unavailing.

Based on the foregoing, the Court **DENIES** Freeman's motion to intervene as of right.

### B.    Rule 24(b) Permissive Intervention

Rule 24(b)(1)(B) provides: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court must also consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In other words, in the Ninth Circuit, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council*, 82 F.3d at 839). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly*, 159 F.3d at 412).

Freeman alternatively seeks permissive intervention pursuant to Rule 24(b), contending the three prongs for such intervention are clearly met. Plaintiff and Defendant oppose intervention. (*See generally* Doc. Nos. 82, 84.) In Defendant's opposition, it contends intervention will only unduly delay the instant case and unfairly prejudice the existing parties. (Doc. No. 82 at 18–19.) The Court agrees.

The Court finds permissive intervention is not warranted here because Freeman's interests are already adequately represented through the class action settlement process. In addition, the Court finds that allowing permissive intervention would not significantly add to the full development of the underlying factual issues in this case nor the equitable

adjudication of the legal questions involved but, instead, would significantly delay the proceedings and prejudice the rights of the original parties here. Therefore, this Court declines to allow permissive intervention pursuant to Rule 24(b).[1]

**IT IS SO ORDERED.**

Dated:  April 12, 2023

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Because the Court denies Freeman's motion to intervene, it further **DENIES** Freeman's Motion for Leave to File an Opposition to the Motion for Preliminary Approval, or in the alternative, a Motion to Deny Preliminary Approval.

15