UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER VALLEJO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERIGENICS U.S., LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 20-cv-01788-AJB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; and**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>**(Doc. No. 88, 89)** |

Presently before the Court are Plaintiff's motions for final approval of class action settlement and for attorney fees. (Doc. Nos. 88, 89.) Defendant Sterigenics U.S., LLC filed a Notice of Non-Opposition to each motion, (Doc. Nos. 92, 93), and non-party Anthony Freeman has filed an Opposition to the Motion for Final Approval, (Doc. No. 94). On September 25, 2023, the Court held a hearing on Plaintiff's Final Approval Motion, at which Plaintiff indicated that upon investigation, several former employees who believed they were class members were inadvertently excluded. The Court granted additional time for Plaintiff to investigate the matter and give the excluded class members time for notice

and objection. Thereafter, Plaintiff's Counsel submitted a supplemental declaration in support of final approval. (Doc. No. 105.) The deadline to object to the Settlement was July 10, 2023 for the originally discovered class and November 13, 2023 for the newly discovered class. The Court held a second hearing on Plaintiff's Final Approval Motion in light of the Supplemental Briefing on December 4, 2023. For the reasons stated herein, the Court **GRANTS** Plaintiff's motions.

## I.   BACKGROUND

On August 5, 2020, Plaintiff filed a putative class action complaint against Defendant in the Superior Court of California, County of San Diego which Defendant removed to this Court on September 11, 2020, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. (Doc. No. 1.) In his operative complaint, Plaintiff alleges claims on behalf of himself and other employees of Defendant for: (1) unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) failure to reimburse expenses; (7) violation of California Business and Professions Code § 17200, *et seq.*, ("UCL"); (8) failure to provide accurate wage statements; and (9) violation of the Private Attorneys General Act ("PAGA"), California Labor Code § 2699. (Fourth Amended Complaint ("4AC"), Doc. No. 67.)

The operative complaint alleges that between January 2013 and January 2018, Plaintiff was employed by Defendant as an hourly-paid non-exempt Machine Operator. (*Id.* ¶ 16.) During this time, Defendant allegedly "had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class." (*Id.* ¶ 18.) Plaintiff asserts Defendant "engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees." (*Id.* ¶ 20.) For example, Plaintiff states Defendant regularly required Plaintiff and the purported class to work off the clock without compensation, rounded employee time in a manner that was not neutral which advantaged Defendant, and failed to adequately inform Plaintiff and the purported class of their right

1  to take meal and rest periods. (*Id.*)

2  On September 18, 2020, Defendant filed its first motion to dismiss Plaintiff's Complaint and/or strike portions of the Complaint. (Doc. No. 4.) On October 8, 2020, Plaintiff filed a Motion to Remand the case back to San Diego County Superior Court. (Doc. No. 9.) On June 29, 2021, the Court denied Plaintiff's Motion to Remand, Defendant's motion to strike, and granted Defendant's motion to dismiss as to Plaintiff's sixth cause of action for failure to provide accurate wage statements without leave to amend, and granted as to the remaining causes of action with leave to amend. (Doc. No. 17.)

Defendant filed a second motion to dismiss Plaintiff's First Amended Complaint and/or strike class action allegations on July 28, 2021. (Doc. No. 19.) The Court granted the motion to dismiss with leave to amend and denied the motion to strike. (Doc. No. 26.) Defendant filed its third motion to dismiss Plaintiff's Second Amended Complaint in November 2021, (Doc. No. 31), which the Court granted in part and denied in part in December 2021, (Doc. No. 36). Specifically, Plaintiff's sixth cause of action for business expense reimbursements was dismissed with leave to amend.

On September 26, 2022 and October 28, 2022, the Parties participated in two Mandatory Settlement Conferences ("MSC") with the Honorable Magistrate Judge Allison H. Goddard. (Doc. No. 69-1 at 7.) Although the Parties did not resolve the action after the first MSC, the Parties were able to reach a class-wide settlement during the second MSC. (*Id.* at 8.) On October 28, 2022, Judge Goddard issued a Mediator's Proposal to settle the case on a class-wide basis. (Doc. No. 62.) On November 4, 2022, the Parties accepted the Mediator's Proposal, effectively settling the case. (*Id.*)

Pursuant to the terms of the Agreement, the Parties stipulated to grant Plaintiff leave to file a Fourth Amended Complaint to add two additional causes of action: (1) under the California Labor Code § 226(a) (failure to provide accurate wage statements); and (2) California Labor Code § 2699, *et seq.* (PAGA). (Doc. No. 69-1 at 8.) On December 20, 2022, Plaintiff provided notice to the Labor and Workforce Development Agency

("LWDA") of similar allegations against Defendant. (*Id.*) On December 21, 2022, the Parties filed the Joint Stipulation re: Filing of Fourth Amended Complaint, and Plaintiff filed his 4AC on December 29, 2022. (*Id.*) Defendant filed its Answer to the 4AC on January 12, 2023. (*Id.*) Thereafter, the Parties filed a Motion to Grant Preliminary Approval of Class Action and PAGA Settlement on January 13, 2023, (Doc. No. 69), which the Court granted on April 20, 2023, (Doc. No. 87). The preliminary approval order established a process for notice to the Class. (Doc. No. 87.) Notice was completed as ordered and one Class Member has objected to the settlement. Thereafter, at the September 25, 2023 hearing on final approval of class action settlement, Defendant informed the Court that it had discovered possible additional class members who had inadvertently been excluded. Thus, the Court gave the parties additional time to find the excluded class members and provide a notice and objection period. Plaintiff thereafter filed supplemental briefing to provide the Court with additional information as to the additional members. (*See* Doc. No. 105.)

On August 10, 2023, Anthony Freeman filed his opposition and objection to the instant motion for final approval. (Doc. No. 94.) In addition to apparently being a member of the Class in this case, Mr. Freeman is a plaintiff in another pending case against Sterigenics in the Superior Court of San Bernardino. *See Freeman v. Sterigenics U.S., LLC*, Case No. CIVSB2220535, Superior Court of California, County of San Bernardino.

## II.   SETTLEMENT AGREEMENT

Plaintiff and Defendant have executed a Joint Stipulation of Class Action and PAGA Settlement ("Settlement Agreement" or "Settlement"). The primary terms of Settlement are provided below:

- Defendant will pay One Million Twenty Thousand Four Hundred Thirty Dollars and Fifteen Cents ($1,020,430.15) (the "New Gross Settlement Amount"),[1] in addition

---

[1] The escalator clause contained in Paragraph 41 of the Agreement was first triggered on or around May 11, 2023, increasing the New Gross Settlement Amount from $875,000.00 to 888,588.24. (Doc. No. 88-1 at 4 n.2 (citing Declaration of Nathalie Hernandez, Doc. No. 88-3, ¶ 15).) The escalator clause was triggered again on approximately October 10, 2023, because Defendant discovered 29 additional Class

to the employer's share of payroll taxes, to settle the Claims of Plaintiff and Class Members consisting of individuals who are members of the class:

- All current and former hourly-paid, non-exempt employees of Defendant who were employed by Defendant in the state of California ("Class Members") at any time between August 5, 2016 and ending on either the date of Preliminary Approval of the Settlement by the Court or sixty-five (65) days from the date of remediation, *i.e.* January 1, 2023, whichever date occurs earlier (the "Class Period"). There are 349 class members and 286 Aggrieved Employees.[2]

- In addition to the Individual Settlement Payments to Participating Class Members, the Gross Settlement Amount will be used to pay:
    1. The Class Representative Enhancement Payment to Plaintiff ($7,500.00);
    2. Class Counsel's Fees ($306,129.04)[3];
    3. Class Counsel Costs for reimbursement of Class Counsel's reasonable costs and expenses associated with the litigation and settlement of the Action ($4,994.00);
    4. The PAGA award of $25,000.00, $18,750.00 of which will be paid to the LWDA with the remaining $6,250.00 distributed among PAGA Members;
    5. Settlement Administration Costs ($10,599.00); and

- After deducting the above fees and costs, the remaining balance available for distribution (the Net Settlement Amount) shall be distributed to the Participating Class Members. The Net Settlement Amount will be at approximately $651,202.10, meaning the average Individual Settlement Payment to Participating Class Members

---

Members and their corresponding Workweeks had not been included. (Supplemental Declaration of Heather Davis ("Supp. Davis Decl."), Doc. No. 105, ¶ 12.)

[2] One Aggrieved Employee submitted a Request for Exclusion and Objected to the PAGA Settlement. (*Id.* at 4.)

[3] Class Counsel's requested fees have increased from the Motion for Preliminary Approval of Class Action Settlement pursuant to the Supplemental Declaration of Heather Davis, (Doc. No. 105 at 4).

(assuming 348 Participating Class Members) is estimated to be $1,811.73. Based on these calculations, the Aggrieved Employees will receive an estimated average gross payment of $19.53.

- Upon the complete funding of the Gross Settlement Amount and all applicable employer-side payroll taxes, upon final approval Plaintiff, Participating Class Members, PAGA Members, the State of California, and the LWDA release the Released Parties from each of the Class Members' Released Class Claims and Released PAGA Claims defined in the Settlement Agreement.

(*See* Doc. Nos. 69-2, Joint Stipulation of Class Action and PAGA Settlement; 88-1; Supp. Davis Decl.)

## III. LEGAL STANDARD

A class action may not be settled without court approval, "which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed. R. Civ. P. 23(e)(2)). The Ninth Circuit Court of Appeals has a "strong judicial policy" in support of class action settlements. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, when presented with a motion to finally approve a class action settlement, "judges have the responsibility of ensuring fairness to all members of the class . . . ." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

## IV. OBJECTION TO THE SETTLEMENT

Mr. Freeman raises an objection to the proposed settlement, specifically that Plaintiff Vallejo lacks standing to release PAGA claims for the PAGA period that began on August 5, 2019, and that the PAGA Settlement is deficient. (Doc. No. 94 at 2.) Moreover, Mr. Freeman opts out of the class portion of the Settlement through his request for exclusion and preserves his right to bring separate individual Labor Code claims. (Doc. No. 94-1 at 16.)

///

However, as previously discussed on the Court's April 12, 2023 Order denying Mr. Freeman's motion to intervene, Mr. Freeman conflates the statute of limitations with Article III's injury-in-fact requirement for standing. (*See* Doc. No. 86 at 11.) As the Court previously stated:

> Plaintiff's wage statement claim was dismissed due to Defendant's statute of limitations defense. California Labor Code § 226's one-year statute of limitations has no effect on Article III standing or jurisdiction. *See* Cal. Civ. Proc. Code § 340(a) (providing a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation."). Indeed, it is well settled that "[s]tatutes of limitations and other filing deadlines 'ordinarily are not jurisdictional.'" *Musacchio v. United States*, 577 U.S. 237, 246 (2016) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013)). "In civil cases, the statute of limitations is not jurisdictional but merely serves a procedural function and constitutes an affirmative defense that is waived unless pleaded and proved." *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 541 (2021). Thus, the defendant has the discretion to waive its statute of limitations defense. *Id.* at 542. In the Parties' proposed settlement agreement, Defendant specifically states it "will not object to Plaintiff's standing to assert [the Wage Statement and PAGA] claims." (Doc. No. 69-2 at 31.) The Court therefore finds Plaintiff does not lack standing and is not time-barred in bringing these claims.

(*Id.* at 11–12.) For these reasons, the Court is satisfied that Plaintiff has standing to release PAGA claims for the PAGA period.

Mr. Freeman further argues the PAGA Settlement is deficient as it only allocates $25,000 to the PAGA claims. (Doc. No. 94-1 at 15.) However, "PAGA expressly requires notice of a proposed settlement to both the LWDA and the trial court, and directs the court to review the settlement prior to approval." *Turrieta v. Lyft*, 69 Cal. App. 5th 955, 972 (2021). These procedures were followed here, and just as in *Turrieta*, the LWDA did not provide comments on nor objections to the proposed settlement as it has done in other cases. *See id.* at 972–73 (citing *O'Connor v. Uber Techs. Inc.*, 201 F. Supp. 3d 1110, 1113 (N.D. Cal. 2016).) As such, Mr. Freeman's objection is **OVERRULED**.
///

## V. MOTION FOR FINAL SETTLEMENT APPROVAL

### A. Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court previously granted Plaintiff's motion for conditional class certification. (Doc. No. 87.) Accordingly, the Court reaffirms and incorporates by reference its prior analysis under Rules 23(a) and (b)(3) as set forth in its Order Granting Plaintiff's Motion for Conditional Class Certification. (*See id.* at 6–10.)

### B. Adequacy of Notice

Next, the Court must determine whether the Class received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' proposed notice and notice plan. (*See* Doc. No. 87 at 16–17.) As part of their Final Approval Motion, Plaintiff filed the Declaration of Nathalie Hernandez, who is "a Case Manager for ILYM Group, Inc., . . . the professional settlement services provider who has been retained by the Parties' Counsel and subsequently appointed by the Court to serve as the Settlement Administrator for [the instant case]." (Declaration of Nathalie Hernandez ("Hernandez Decl."), Doc. No. 88-3, ¶ 1.) In her declaration, Ms. Hernandez details the actions taken by ILYM Group, Inc. ("ILYM Group") to provide notice in accordance with the Preliminary Approval Order. (*Id.* ¶¶ 3–10.) Ms. Hernandez further details the actions taken by ILYM Group in providing notice to the 29 additional class members. (Supplemental Declaration of Nathalie Hernandez, Doc. No. 105-1, ¶¶ 14–18.) Having reviewed Ms. Hernandez's declarations, the Court finds the Settlement Class received adequate notice of the Settlement.

### C. Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), while considering the fairness factors.

In its Preliminary Approval Order, the Court addressed each of the fairness factors in turn and found all the pertinent factors weighed in favor of approving the Settlement. (*See* Doc. No. 87 at 10–16.) Among other criteria, the payment of the $1,020,430.15 as a settlement payment to settle and resolve all claims in the action by or on behalf of the 348 Class Members against Defendant is a fair, reasonable, and appropriate settlement amount to resolve all claims in this action. One Class Member, Anthony Freeman, has filed a request for exclusion and an objection against the settlement. (Hernandez Decl. ¶¶ 11–13.) Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. (*See* Doc. No. 87 at 10–16.) Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## VI. ATTORNEYS' FEES AND COSTS

### A. Attorneys' Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id.* at 942; *see Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504 (2016) ("The choice of a fee calculation method is generally one within the discretion of the trial court, the goal under either the percentage or lodestar approach being the award of a reasonable fee to compensate counsel for their efforts."). Irrespective of which methodology a court uses, the court cannot apply it mechanically or formulaically,

but must ensure that the fee award is reasonable. *In re Mercury Interactive Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

Under the percentage-of-recovery method, the benchmark for a reasonable fee award is 25% of the common fund. *Id.* However, a district court "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1995)). The court must consider all the circumstances of the case to determine an appropriate rate, including the results achieved, the risk counsel took in pursuing the case, incidental or non-monetary benefits of the litigation, and the time and money counsel expended on the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

Here, Class Counsel request attorneys' fees of $306,129.04, or 30% of $1,020,430.15 from the proposed settlement. (Doc. No. 89-1 at 4; Supp. Davis Decl. ¶ 13.) This amount exceeds the benchmark rate of 25%, the lodestar amount, which is approximately $255,107.53, resulting in a 1.30 positive multiplier. (Doc. No. 89-1 at 12.) Counsel asserts this does not include any time spent on this fee motion or any hours that were "written off." (Declaration of Heather M. Davis, Doc. No. 89-2, ¶ 34.) Counsel contends they have prepared multiple complaints, extensively analyzed significant date including a sampling of Class Members' pay and other records, and obtained an order granting class certification following extensive discovery, justifying the increase from the benchmark percentage rate. (*Id.* at 5–6.) Courts in this Circuit have routinely authorized similar awards. *See, e.g.*, *Ripee v. Bos. Mkt. Corp.*, No. 05cv1359 BTM (JMA), 2006 WL 8455400, at *4 (S.D. Cal. Oct. 10, 2006) (award of 40% of $3,750,000 wage and hour class action settlement); *Stuart v. RadioShack Corp.*, No. C-07-4499-EMC, 2010 WL 3155645, at *6 (N.D. Cal. Aug. 9, 2010) (finding 33% fee award "well within the range of percentages which courts have upheld as reasonable in other class action lawsuits"). As such, the Court finds the requested amount of attorneys' fees reasonable and approves the award in the amount of $306,129.04.

### B. Litigation Expenses

In their motion, Plaintiff seeks an award of $4,994.00 in litigation costs. (Doc. No. 89-1 at 4.) Class Counsel is entitled to reimbursement of the out-of-pocket costs they reasonably incurred investigating and prosecuting this case. *See Staton*, 327 F.3d at 974. As of July 27, 2023, Protection Law Group, LLP incurred $4,994.35 in costs. (Doc. No. 89-1 at 14.) No Class Member has objected to the request for reimbursement of $4,994.00 in costs. The Court finds that Class Counsel's out-of-pocket costs were reasonably incurred in connection with the prosecution of this litigation, were advanced by Class Counsel for the benefit of the Class, and shall be reimbursed in full in the amount requested. The Court approves the request for litigation costs and expenses in the amount of $4,994.00.

### C. Administrative Costs

Plaintiff requests the Court to award $10,599.00 to ILYM Group, Inc., the appointed Settlement Administrator, from the Total Settlement Fund of $1,020,430.15. (Doc. No. 88-1 at 21; Supp. Davis Decl. ¶ 13.) In this settlement, ILYM Group took steps to implement notice of the settlements, including:

> (a) printing and mailing the *Notice of Proposed Class Action And PAGA Settlement* . . . ; (b) receiving and processing requests for exclusion; (c) resolving Settlement Class Members' disputes over the number of workweeks Defendants have record of them working during the Class Period, . . . ; (d) calculating individual settlement award amounts; (e) processing and mailing settlement award checks; (f) handling tax withholdings as required by the Settlement and the law; (g) preparing, issuing and filing tax returns and other applicable tax forms; (h) handling the distribution of any unclaimed funds pursuant to the terms of the Settlement; and (i) performing other tasks as the Parties mutually agree to and/or the Court orders ILYM Group to perform.

(Hernandez Decl. ¶ 3.) Courts regularly award administrative costs associated with providing notice to the class. *See Vasquez v. Kraft Heinz Foods Co.*, No. 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *9 (S.D. Cal. Apr. 1, 2020) (awarding $50,000 for administrative costs). The Court concludes ILYM Group's costs were reasonably incurred for the benefit of the Class. The Court approves Class Counsel's request for administrative

costs in the amount of $10,599.00.

### D.   Incentive Awards to Class Plaintiff

Finally, the Settlement Agreement provides the Class Representative will receive a total of $7,500.00 to be paid from the Total Settlement Fund of $1,020,430.15. (Doc. No. 88-1 at 19; Supp. Davis Decl. ¶ 13.)

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representatives." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (internal citation and quotations omitted). Named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton*, 327 F.3d at 977. The incentive award for the Class Plaintiff in this case is presumptively reasonable. *See, e.g.*, *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2019 WL 2269958, at * (S.D. Cal. May 28, 2019) (awarding a service award of $5,000 to each Class Representative); *Vasquez*, 2020 WL 1550234, at *9 (finding reasonable incentive awards of $7,500 and $3,000). Accordingly, the Court finds the service award to the Class Representative is appropriate.

## VII.   CONCLUSION

Based on the foregoing and the entire record, the Court **GRANTS** Plaintiff and Class Counsel's motion for final approval of the Settlement. The Court further **ORDERS**:

1. Defendant Sterigenics U.S., LLC, to pay the Settlement Amount of $1,020,430.15 and all applicable employer-side payroll taxes as a no reversionary settlement payment to settle and resolve all claims in the action by or on behalf of the 348 Class Members against Defendant. Within fourteen (14) calendar days of the Effective Date of the Settlement, as defined in the Agreement, Defendant will deposit the New Gross Settlement Amount into a Qualified Settlement Fund to be established by ILYM Group, Inc. In accordance with future orders of this Court, the Settlement Amount will only be used to pay: the claim shares to the 348 Class Members; the

PAGA Payment; the settlement claims administrator; the awarded service fee; and attorneys' fees, costs, and expenses incurred in the action.

2. As soon as practicable after receipt of the $1,020,430.15, and within fourteen calendar days, ILYM Group must distribute all of the $1,020,430.15, by paying Class Counsel's attorney's fees and costs as stated above; distributing checks for the service awards as stated above; withdrawing its administrative costs as stated above; and distributing the balance of the money equally among the 348 Class Members as indicated in the Declaration of Nathalie Hernandez supporting Plaintiff's Motion for Final Approval, ¶ 15, including as provided by Section 65 of the settlement agreement:

> If a Participating Class Member or PAGA Member does not cash his or her Individual Settlement Payment check and/or PAGA Payment check within 180 days, the uncashed funds, subject to Court approval, shall be distributed to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code § 1500, et. seq. for the benefit of those Participating Class Members and PAGA Members who did not cash their checks until such time that they claim their property. The Parties agree that this disposition results in no "unpaid residue" under California Civil Procedure Code § 384, as the entire Net Settlement Amount will be paid out to Participating Class Members and PAGA Members, whether or not they all cash their Individual Settlement Payment check or PAGA payment checks.

3. In exchange for the Settlement Amount, Sterigenics U.S., LLC is also **dismissed with prejudice**. The releases by the Class Members afforded Defendant is strictly limited to the claims in the action (and California Civil Code Section 1542) in Sections 70, 71, and 72 of the Settlement Agreement, which provide that upon the Final Effective Date, in and for the valuable consideration as provided in the Settlement Agreement, each of the 348 Class Members agree that they forever discharge, waive, and release Defendant from any and all claims, demands, obligations, actions, causes of action, damages, whether based in tort, contract, statute, or otherwise, arising from the 4AC, to include the 4AC and all Counts and all forms of relief sought by the 348 Class Members through the 4AC against

1 | Defendant, that arose within the Class Period certified by the Court.

4. The Court **DISMISSES WITH PREJUDICE** the Action and all Released Claims. These dismissals are without costs to any party, except as specifically provided in the Agreement. The Settlement shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiff, Settlement Class Members, and Releasing Parties.

5. Without affecting the finality of this Final Approval Order, the Court **RETAINS JURISDICTION** over: (a) implementation and enforcement of the Agreement pursuant to further order of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties shall have been performed pursuant to the Agreement; (b) any other action necessary to conclude this Settlement and to implement the terms of the Agreement; and (c) the construction and interpretation of the Agreement.

**IT IS SO ORDERED.**

Dated:  December 5, 2023

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge